UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MATTHEW J. SHERVEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.  23-03923 (UNA) |
| | ) | |
| FEDERAL BUREAU OF INVESTIGATION, | ) ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

Plaintiff, appearing *pro se*, has filed a complaint against the Federal Bureau of Investigation (FBI) and an application to proceed *in forma pauperis*. The Court will grant the application and dismiss the case for want of jurisdiction.

"Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). It is "presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id*. A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. Failure to plead such facts warrants dismissal of the action. *See* Fed. R. Civ. P. 8(a); 12(h)(3).

Plaintiff, a resident of Mount Horeb, Wisconsin, alleges implausibly that the FBI is singling him out by "preventing" him "from submitting Freedom of Information Act requests to them" because it "is mad at the Plaintiff for requesting so much information on illegal, covered up, operations that they were conducting." Compl., ECF No.1 at 2. Allegedly, "whenever the Plaintiff clicks the button to submit a request" via the FBI's website, "it takes him to a page where he has to fill out his email," but [i]n the email there is a link that takes the Plaintiff back to the page where

the Plaintiff's email was entered." *Id*. Plaintiff surmises that the FBI is "deliberately misdirecting" him. *Id*. He seeks an order to compel the FBI to process his undated and unaddressed FOIA request for "records on mind control." Compl. Attachment, ECF No. 1-2 at 1.

FOIA jurisdiction extends to claims arising from an agency's improper withholding of records requested in accordance with agency rules. *See* 5 U.S.C. § 552(a)(4)(B); *McGehee v. CIA*, 697 F.2d 1095, 1105 (D.C. Cir. 1983). An "agency's disclosure obligations are triggered by its receipt of a request that reasonably describes the requested records and is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed." *Marcusse v. U.S. Dep't of Just. Off. of Info. Pol'y*, 959 F. Supp. 2d 130, 140 (D.D.C. 2013) (cleaned up), *aff'd*, No. 14-5073, 2015 WL 1606930 (D.C. Cir. Mar. 24, 2015) (per curiam).

Nothing suggests that Plaintiff has complied with the Department of Justice's "Requirements for making requests" under the FOIA, 28 C.F.R. § 16.3, which instruct a requester to "write directly to the FOIA office of the component," here the FBI, and include the option of submitting a request by U.S. mail. Regardless, federal courts "are without power to entertain claims otherwise within their jurisdiction if," as here, "they are so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, [or] obviously frivolous[.]" *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974) (internal quotation marks and citations omitted). Consequently, this case will be dismissed by separate order.

Date: February 9, 2024

/s/
RUDOLPH CONTRERAS
United States District Judge

2